UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEXANDER MILLIGAN SHARP, IV,
        Plaintiff,

                                            CASE NO:3:06-cv-200-J-TEM
vs.

CITY OF PALATKA,
        Defendant.
_____/

### PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ADD PARTIES

Plaintiff ALEXANDER MILLIGAN SHARP, IV, by and through his undersigned attorney, shows that discovery has revealed the existence of a state cause of action requiring the joining of individuals GARY S. GETCHELL and JAMES GRIFFITH to this cause, so plaintiff moves under Fed.R.Civ.P. 15 to amend the complaint, and under Fed.R.Civ.P. 18 and 19 to add individuals GARY S. GETCHELL and JAMES GRIFFITH to this cause, and that the attached proposed form stand as the first amended complaint.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION

The common law tort of malicious prosecution against the individuals GARY S. GETCHELL and JAMES GRIFFITH arises out of the same actionable facts and circumstances and involves the same parties to the federal claims. This court has supplemental jurisdiction of the aforementioned state claim. The individuals are subject to service of process, and joinder of the individuals will not deprive the court of subject matter jurisdiction.

Plaintiff acknowledges that a motion to amend is distinctly

disfavored under Local Rule 3.05(c)(2)(E), but states that the joining of the foregoing individuals in this cause will not cause undue delay or undue prejudice to any defendant, undue burden to this court or to the defendant City of Palatka, nor necessitate the prolonging of discovery. No additional requests for production or interrogatories will be required or sought by movant. Furthermore, the individuals GARY S. GETCHELL and JAMES GRIFFITH are already being scheduled for deposition in connection with the instant action. The individuals are already privy to the discovery produced by plaintiff and defendant City of Palatka. The adding of the individuals will only necessitate the filing of answers by the individuals, and an amended answer by the City. This motion is being made approximately two months before the deadline for the filing of dispositive motions under the Case Management and Scheduling Order.

"In the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

### CERTIFICATE OF CONFERRING WITH OPPOSING COUNSEL

Pursuant to Local Rule 3.01(g), the undersigned certifies that counsel for Plaintiff has conferred with opposing counsel,

and counsel cannot agree as to resolution of this motion.

### CERTIFICATE OF SERVICE

The undersigned certifies that on January 26, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the undersigned and to Susan S. Erdelyi, Esq., P.O. Box 447, Jacksonville, FL 32201, who has also been furnished a copy by U.S. mail this same date.

LAW OFFICES OF JOHN KEY, P.A.

By: _____
John Key, Esquire
Florida Bar No. 0136425
417 St. Johns Avenue
Palatka, FL 32177
386-326-0021
Attorney for Plaintiff
johnkey@bellsouth.net

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEXANDER MILLIGAN SHARP, IV,
    Plaintiff,               CASE NUMBER:3:06-CV200-25-TEM

vs.

CITY OF PALATKA, GARY S. GETCHELL,
individually, and JAMES GRIFFITH,
individually,
    Defendants.
_____/

## FIRST AMENDED COMPLAINT, INJUNCTIVE RELIEF SOUGHT, AND JURY DEMAND

The Plaintiff, Alexander Milligan Sharp, IV, by and through his undersigned attorney, files this Complaint and states as follows:

### PRELIMINARY STATEMENT

1. As to defendant City of Palatka, this is a suit for damages and injunctive relief brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to Plaintiff by the Fourteenth amendment to the United States Constitution, namely the right to exercise freedom of speech and association under the First Amendment.

2. As to defendants GARY S. GETCHELL, individually, and JAMES GRIFFITH, individually, this is a suit pursuant

to Florida state common law for malicious prosecution.

## JURISDICTION

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 1343(3), which confer original jurisdiction on Federal District Courts in suits to redress the deprivation of rights, privileges and immunities as stated in paragraph 1 above, and supplemental jurisdiction of the aforementioned state claim, which arises out of the same actionable facts and circumstances, and involves the same parties to the federal claims.

## PARTIES

4. Plaintiff was an employee of the City of Palatka Police Department, serving as a police officer for more than 13 years. For eight (8) of those years, plaintiff was a sergeant serving in the patrol, detective, administrative and other divisions.

5. Defendant, City of Palatka, (hereinafter referred to as the "City"), is a municipality organized under the laws of the State of Florida.

6. At all times relevant to this action, defendant GARY S. GETCHELL ("Getchell") was chief of police for the defendant City of Palatka, and Getchell currently holds the same position.

7. At all times relevant to this action, defendant JAMES GRIFFITH ("Griffith") was assistant chief of police for the defendant City of Palatka, and Griffith currently holds the same position.

### NATURE OF THE CASE

8. Defendant City of Palatka, under color of law, deprived plaintiff of his right to freedom of speech and freedom of association by advising plaintiff that if he ran for public office plaintiff would be forced to take a leave of absence; by falsely accusing plaintiff of a crime or crimes; by falsely accusing plaintiff of violations of the City's Police Department's policies; by demoting plaintiff without cause and in violation of state law; and by constructively discharging plaintiff by forcing plaintiff to resign from his position with defendant.

9. By falsifying evidence, releasing results of investigative reports to the press, demotions for no reason or for pre-textual reasons, character assassinations, denial of training, and other bad faith acts in this and other instances, defendant City of Palatka, through its Police Department administration, has established a custom and practice that is, in effect, its ongoing policy of

constructively discharging police officers and other employees which it desires to force to resign.

10. Defendants City of Palatka, Getchell, and Griffith, by maliciously commencing an original judicial proceeding against plaintiff while knowing there was a total absence of probable cause to commence such a proceeding, committed the tort of malicious prosecution, injuring plaintiff in his career and reputation, for which plaintiff has suffered damages.

**FACTS**

11. In December 2003, Plaintiff announced his intention to run for the office of Sheriff of Putnam County, Florida.

12. Between December 23, 2003 and January 7, 2004, defendant Getchell instructed his command staff and other police officers, including former officer Rodney Harper ("Harper") and Sergeant Scott Reinhold, to convey to Plaintiff that if the Plaintiff persisted in his political candidacy, Plaintiff would be forced to take a "voluntary leave of absence."

13. Plaintiff was subsequently denied promotion despite prior outstanding recommendations; was denied previously-scheduled job training and schooling; was denied direct contact with his superior Getchell;

plaintiff's name was intentionally omitted from appropriate press releases; and plaintiff was demoted to records clerk, and became the object of baseless and unfounded charges of misconduct and policy violations.

14. In early 2004, plaintiff's name was intentionally left off of various press releases by Griffith, when plaintiff's name should have been included because the press releases concerned projects that plaintiff was specifically coordinating.

15. In early 2004, plaintiff was notified that a Leadership and Management Training seminar was to be held on February 18, 2004, and plaintiff and the other shift commanders were scheduled to attend.

16. On February 17, 2004, the day before the seminar, plaintiff was told by Harper that Getchell told Griffith to cancel plaintiff's attendance "since he (plaintiff) thinks he's going to be sheriff."

17. In early 2004, a seminar on Mental Health and Baker Acts was scheduled. Plaintiff was asked by Getchell to attend, but Getchell subsequently cancelled plaintiff's attendance, stating to Harper that "only people who are going to be here can go" to the training.

18. On March 3, 2004, a criminal investigation was initiated by Getchell against plaintiff, alleging divulging of information by plaintiff to third parties of an ongoing criminal investigation.

19. On March 4, 2004, Plaintiff made a request to Defendant to have an independent investigation of the charges.

20. Defendant ignored the request.

21. On March 12, 2004, Getchell "reassigned" plaintiff to the records section of the City's Police Department, ordered plaintiff to refrain from exercising his law enforcement authority "until further notice," and ordered plaintiff to relinquish his police badge and weapons to acting Lieutenant Reno Fells. No reason was given for plaintiff's demotion.

22. On March 13, 2004, plaintiff was, in effect, forced to resign from his position with the defendant.

23. On March 17, 2004, Getchell released to the Palatka Daily News that plaintiff was under criminal investigation.

24. On March 28, 2004, Getchell released three (3) investigative reports concerning plaintiff, numbered 1106, 1107, and 1108, to the area newspaper, the Palatka Daily News. The release made the front page of

the Palatka Daily News.

25. Defendants also forwarded the investigative reports to the Florida Department of Law Enforcement ("FDLE") for action by the FDLE.

26. Concurrent with the release to the Palatka Daily News and the forwarding to the FDLE, on March 28, 2004, a formal charge of official misconduct was filed with the State Attorney's Office for the Seventh Judicial Circuit ("State Attorney") by Griffith, based on investigative report 1106.

27. On May 18, 2004, the Florida Department of Law Enforcement, after reviewing all three of defendants' investigative reports, determined that there was no basis for any action against plaintiff.

28. On July 29, 2004, the State Attorney dismissed the criminal charge filed by defendants against plaintiff, which dismissal constituted a bona fide termination of the original proceeding in favor of plaintiff.

29. The Defendant, acting in bad faith, demoted Plaintiff for the purpose of retaliating against the Plaintiff for his exercise of his rights of free speech and association.

30. The Defendant has acted similarly throughout the recent past with regard to the constructive discharge

of other police officers, namely Lawrence R. Dzioba, John Wayne Tatum, William Clark, Jimmie Powell, Brian Keith, and Willie Jones, among others.

31. Lawrence R. Dzioba was forced to bring suit in this Court to redress his constructive discharge from the City's Police Department, as shown in Case Number 3:00-CV-591-J-25A, for defendant's retaliatory actions against Dzioba for his freedom of speech and association in union organizing activities.

32. John Wayne Tatum was forced to bring suit in this Court to redress his constructive discharge from the City's Police Department, as shown in Case Number 3:00-CV-592-J-21B, for defendant's retaliatory actions against Tatum for his freedom of speech and association in union activities.

33. William Clark, Jimmie Powell, Brian Keith, and Willie Jones were all constructively discharged from defendant's employ for exercising their rights of freedom of speech or association, or both.

## COUNT ONE – DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

34. Plaintiff re-alleges paragraphs 8 through 33.

35. The actions described above deprived Plaintiff of rights, privileges and immunities provided by the United States Constitution.

36. In taking of the aforesaid actions, Defendant City of Palatka acted under color of statute, regulation, custom, or usage of the State of Florida and the City of Palatka within the meaning of 42 U.S.C. Section 1983.

37. As a result of the aforesaid unlawful acts Plaintiff has suffered a loss of income, loss of fringe benefits and loss of career.

38. Also as a result of said unlawful acts, Plaintiff has suffered humiliation, embarrassment, mental and emotional distress and anguish, loss of self-esteem and harm to personal and business reputation.

39. The aforesaid unlawful acts of the Defendant City of Palatka were done willfully, maliciously and with thorough reckless disregard of Plaintiff's rights under federal law.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of back pay, front pay, lost benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, attorneys fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT TWO - MALICIOUS PROSECUTION

40. Plaintiff re-alleges paragraphs 18 through 28.

41. Defendants City of Palatka, Getchell, and Griffith were the legal cause of the criminal case against plaintiff.

42. Although the criminal complaint was filed by Griffith, it was done with the approval of, or at the instigation of, Getchell.

43. The criminal complaint could not have been filed by Griffith without the approval of Getchell.

44. There was a complete absence of probable cause against plaintiff. Standard investigative procedures were disregarded. No sworn statements from witnesses or physical evidence was submitted, and the suspect (plaintiff) was never interviewed.

45. As just one example of the "facts" used to substantiate the investigation, Griffith states that a telephone call between plaintiff and a second party divulged information concerning an ongoing criminal investigation, but Griffith offers absolutely no evidence to support this conclusory finding.

46. The aforesaid acts of defendants Getchell and Griffith were done with legal malice, and with willful and wanton disregard of plaintiff's rights.

47. At the time of filing the criminal charge, Getchell and Griffith knew and were aware of the risk to plaintiff's rights.

48. At the time of filing the criminal charge, Getchell and Griffith had actual knowledge of the wrongfulness of their conduct, and high probability that injury to plaintiff would result.

49. Alternatively, Getchell and Griffith's conduct in filing the unsubstantiated criminal charge was so reckless or wanting in care that it constituted a conscious disregard or indifference for the rights of plaintiff.

50. Despite the foregoing, Getchell and Griffith intentionally pursued their filing of the unsubstantiated criminal charge, resulting in injury to plaintiff.

51. Getchell and Griffith filed the unsubstantiated criminal charges against plaintiff with excessive and reckless disregard of plaintiff's rights.

52. As a result of the aforesaid, Plaintiff has suffered damages, including loss of income, loss of fringe benefits, loss of reputation and career, humiliation, embarrassment, mental and emotional distress and anguish, loss of self-esteem and harm to personal and

business reputation.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of back pay, front pay, lost benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, attorneys fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

### AND DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

### RESERVATION OF RIGHT TO SEEK PUNITIVE DAMAGES

Plaintiff reserves the right to seek punitive damages against defendants Getchell and Griffith upon a reasonable showing of evidence which provides a reasonable basis for the recovery of such damages.

_____
John Key, Esquire
Florida Bar No. 0136425
Law Offices of John Key, P.A.
417 St. Johns Avenue
Palatka, Florida 32177
386-326-0021 telephone
386-326-0022 fax
Trial Attorney for Plaintiff
johnkey@bellsouth.net