**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALEXANDER MILLIGAN SHARP, IV,

    Plaintiff,

vs.                                                              CASE NO. 3:06-cv-200-J-TEM

CITY OF PALATKA,

    Defendant.

_____

**O R D E R**

This cause is before the Court on Plaintiff's Motion for Sanctions for Spoliation of Evidence (Doc. #73, Motion) and Defendant's response thereto (Doc. #80). Plaintiff moves the Court pursuant to Rule 37(c) of the Federal Rules of Civil Procedure for sanctions against the Defendant for the alleged spoliation of two (2) audiotapes which Plaintiff claims were created by Defendant. The Motion is **DENIED** for the following reasons.

At issue in this Motion are two conversations and their alleged recording and alleged subsequent intentional loss or destruction. (Doc. #73). The first conversation at issue occurred between Chief Gary Getchell (Getchell) and Lieutenant Reno Fells (Fells) on or shortly after January 22, 2003. (Doc. #73 at 1-5). The second conversation at issue occurred between Detective Chris Cheatham (Cheatham) and Russell Kohuth (Kohuth). (Doc. #73 at 5-7).

The conversation between Getchell and Fells apparently concerned whether Getchell instructed Fells to tell Plaintiff he would be forced to take a leave of absence if Plaintiff pursued political office. (Doc. #80 at 4). The conversation between Cheatham and

Kohuth would supposedly shed light on who told Kohuth that Lynn Hoffmann (Hoffmann) was the subject of an ongoing criminal investigation.[1]

Spoliation is the intentional destruction, mutilation, alteration, or concealment of evidence. *Optowave Co. v. Nikitin*, No. 6:05-cv-1083-Orl-22DAB, 2006 WL 3231422, at *7 (M.D. Fla. Nov. 7, 2006). Federal law governs the imposition of spoliation sanctions, but state law may be consulted to guide the court in its analysis. *See Martinez v. Brink's, Inc.*, 171 Fed. Appx. 263, 268 n. 7 (11th Cir. 2006).

To establish spoliation, a plaintiff must prove: (1) the missing evidence existed at one time; (2) the non-moving party had a duty to preserve the evidence; and (3) the evidence was crucial to the movant being able to prove its *prima facie* case or defense. *Optowave Co.*, 2006 WL 3231422, at *8; *Golden Yachts, Inc. v. Hall*, 920 So.2d 777, 781 (Fla. 4th DCA 2006). In the Eleventh Circuit, sanctions for spoliation are appropriate "only when the absence of that evidence is predicated on bad faith.... 'Mere negligence' in losing or destroying the records is not enough for an adverse inference." *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997 (quoting *Vick v. Tex. Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975).[2]

---

[1] This conversation relates to Internal Affairs investigation 1106 (IA 1106), in which Plaintiff was the subject of an investigation into whether or not he disseminated confidential information about an ongoing criminal investigation in violation of police policy.

[2] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

**I. The Getchell/Fells Tape**

Plaintiff alleges the conservation between Getchell and Fells was recorded because two prior conversations that supposedly occurred on the same day (one between Getchell and Plaintiff and another between Getchell and Lieutenant Rodney Harper (Harper)) were recorded on the same tape which contains only a "hiss" where the conversation between Getchell and Fells should be. (Doc. #73 at 2).

Defendant, however, maintains that Getchell recorded the conversations he had with Plaintiff and Harper on the morning of January 22, 2004 with a tape recorder he borrowed from Assistant Chief Griffith (Griffith). (Doc. #80 at 4; *see also* Third Getchell Aff. [Doc. #80-4] at ¶¶ 6-7). Defendant further maintains that Getchell's conversation with Fells occurred either later in the afternoon on January 22, 2004 or at a later date, and that Getchell attempted to record the conversation he had with Fells with a tape recorder he borrowed from Fells since he returned the tape recorder he borrowed from Griffith to Griffith. (Doc. #80 at 4; Third Getchell Aff. at ¶¶ 6-7).

Plaintiff argues that it is "reasonable to believe Getchell would use his own tape recorder to tape his same-day meeting with Fells." (Doc. #73 at 3). Here, Plaintiff has not satisfied the first element necessary to establish spoliation of evidence (i.e. proving the evidence existed at one time). Although it is reasonable to believe Getchell may have used his own tape recorder to record all three of the aforementioned conversations, it is equally reasonable to believe that Getchell used two different borrowed tape recorders, and that the tape recorder he borrowed from Fells malfunctioned and never actually recorded the conversation between himself and Fells.

3

Furthermore, the evidence of record supports Defendant's contention that the conversation between Getchell and Fells was never actually recorded. Specifically, as soon as Getchell finished having all three of the aforementioned conversations, he took the tape in question to Christine Haney (Haney), a transcriptionist, so that the conversations could be transcribed. (Third Getchell Aff. at ¶ 8). Haney subsequently told Getchell that the conversation on the tape between he and Fells was inaudible. Moreover, the Court finds it significant that the record reflects Haney told Getchell the tape he gave her was inaudible almost two years before Plaintiff filed the complaint in the instant action. (Third Getchell Aff. at ¶ 8).

Accordingly, the Court is not satisfied that Plaintiff has met the first element of establishing spoliation because Plaintiff has not proven that the Getchell/Fells tape was ever actually in existence. Therefore, Plaintiff's motion for an adverse inference at trial is **DENIED**. Plaintiff, however, is free to elicit testimony concerning the alleged recording at trial.

## II. The Cheatham/Kohuth Tape

Concerning the alleged recording of the Cheatham and Kohuth conversation, Plaintiff maintains that the recording existed because Cheatham mentioned to Griffith during the investigation related to IA 1106 that he recorded his interview with Kohuth. (Doc. #73 at 6). Defendant, however, maintains that after Cheatham told Griffith he recorded the interview with Kohuth, Cheatham looked for the recording on his computer (Cheatham's stated practice is to use a digital recording device and download recorded conversations

4

to his computer) and was unable to locate any such recording.  (Doc. #80 at 7; Second Cheatham Aff. [Doc. #80-5] ¶¶ 6 & 7).

Cheatham maintains that when he was questioned by Griffith during IA 1106, he assumed he recorded the conversation he had with Kohuth.  (Second Cheatham Aff. ¶ 6).  However, since Cheatham was never able to locate the recording, he now questions whether he ever recorded the conversation at issue.  (Second Cheatham Aff. ¶ 6).  Cheatham states in his affidavit, "I spoke with Russell Kohuth in [sic] my investigation for the first time on Monday, October 27, 2003.  At that point Russell Kohuth was considered a victim.  Normally I would not have taped a statement of a victim. [...] I do not remember whether I actually recorded the conversation, but if I did, it would have been on a digital recorder."  (Second Cheatham Aff. ¶¶ 5 & 6).

Plaintiff argues that since Cheatham mentioned there was a recording of his conversation with Kohuth, this proves a recording of their conversation existed at one time.  (Doc. #73 at 6-7).  The Court, however, does not find Plaintiff's argument persuasive.  The evidence of record is to the contrary.  When Griffith interviewed Cheatham concerning whether Cheatham (instead of Plaintiff) may have been the person who disclosed to Kohuth that there was an ongoing investigation involving Hoffmann, Cheatham responded that he did not know if he disclosed such information, but that Getchell could listen to the recording he made of his interview with Kohuth to find out.  (Doc. #73 at 6).  The record reflects Cheatham first spoke with Kohuth on October 27, 2003.  (Second Griffith Aff. [Doc. 26-14] at 28, IA 1106 Report, D0984).  Three days earlier, on October 24, 2003, Kohuth allegedly disclosed to city officials that he knew Hoffmann was involved in an ongoing criminal investigation.  (Bush Aff. [Doc. 26-2] ¶ 9).

According to the City of Palatka's records, Cheatham had not met with Kohuth prior to Kohuth allegedly disclosing confidential information concerning Hoffmann to city officials. (*See* Second Griffith Aff. at 28, IA 1106 Report, D0984). The Court finds that Cheatham's statement to Griffith that if he told Kohuth about Hoffman it would be on the recording he made of his conversation with Kohuth does not prove that the recording ever existed. Cheatham's statements of record support his subsequent contention that he did not remember the events of October 2003 clearly. The dates of record concerning the claimed recorded conversation and the possible disclosure to Kohuth of confidential information concerning Hoffmann do not coincide. Kohuth apparently knew about Hoffmann well before he ever met with Cheatham.

The fact that Cheatham, on a prior occasion, stated he recorded his conversation with Kohuth (a statement he later recants) is not conclusive proof that he, in fact, recorded the conversation.

Accordingly, the Court is not satisfied that Plaintiff has met the first element of establishing spoliation because Plaintiff has not proven the Cheatham/Kohuth recording was ever actually made. Therefore, Plaintiff's motion for an adverse inference at trial is **DENIED**. Plaintiff, however, is free to elicit testimony concerning the alleged recording at trial.

**DONE AND ORDERED** at Jacksonville, Florida this  7th   day of January, 2008.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge