UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEXANDER MILLIGAN SHARP, IV
    Plaintiff,

CASE NO.: 3:06-CV-200-J-TEM

vs.

CITY OF PALATKA,
    Defendant.
_____/

## DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTION TO GETCHELL AND GRIFFITH'S BILL OF COSTS

Defendant, the City of Palatka, responds to Plaintiff's Objection (Dkt. 114) to the Bill of Costs filed by defendants Gary Getchell and James Griffith (Dkt. 104).

Because the January 16, 2008 jury verdict in the Plaintiff's case against the City of Palatka (the "City") resulted in findings in favor of the City, plaintiff's objection to the Proposed Bill of Costs filed by Getchell and Griffith (Dkt. 104) is likely moot. This is so because the City will be entitled to recover costs not only under Rule 54(d), Local Rule 4.18 and 28 U.S.C. §1920, but it will also be able to pursue a claim for costs pursuant to 42 U.S.C. § 1988. Under § 1988, the prevailing party is not limited to the recovery of costs that are allowed by Rule 54 and 28 U.S.C. §1920, but are entitled to recover "much more in the way of litigation expenses." *American Athiests, Inc. v. City of Stark*, 509 F.Supp. 2d 1221, 1228 (M.D. Fla. 2007). *See also, Dowdell v. City of Apopka, Fl.*, 698 F.2d 1181, 1188-9 (11th Cir. 1983)("Where cost-shifting is expressly authorized by statute, the traditional limitations of Rule 54(d) and 28 U.S.C. §§ 1920 and 1923(a) do not apply."). For this reason, the City will be able to recover the same costs sought by the individual defendants after a judgment is entered in this matter. Assuming that

judgment is entered in the City's favor in light of the January 16, 2008 jury verdict, the costs sought by the individual defendants will also be sought by the City. Because there is no question as to whether the City justifiably incurred the expenses sought, the plaintiff's objection to the individual defendants' bill of costs is moot.

The costs in this case were paid by the same party and the costs to be collected will be payable to the same party. For this reason, to reduce the work of the Court, the defendants are not opposed to their bill of costs (Dkt. 104) being held to be moot so long as judgment is ultimately entered in favor of the City of Palatka. If this occurs, the City will file a comprehensive bill of costs seeking to recover all of its costs, including the costs contained in Dkt. 104 objected to by the plaintiff.

In an abundance of caution; however, Defendants Getchell and Griffith respond to the objection. Plaintiff objects to having to pay for the cost of deposition transcripts of witnesses Rodney Harper and Alexander Sharp. These deposition transcripts were cited in the individual defendants' memorandum in support of their motion for summary judgment. Plaintiff argues that because the individual defendants were not added in the case until well after the depositions were ordered by the City, that the deposition costs were already incurred by the City and thus, the expense of these deposition transcripts should not have been claimed by the individual defendants. Plaintiff cites no law in support of his position.

The individual defendants bill of costs was filed pursuant to Rule 54(d), Local Rule 4.18 and 28 U.S.C. §1920. 28 U.S.C. §1920 provides that "A Judge or clerk of any court of the United States may tax as costs the following:

...(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. §1920(2). The deposition transcript of plaintiff cost $1,657.60. The deposition transcript of one of Mr. Harper's depositions was $764.00. These transcripts were cited in the individual defendants' motion for partial summary judgment; therefore, they were necessary and were obtained for use in the individual defendants' case. The individual defendants could not have properly supported its motion for summary judgment without these deposition transcripts.

## CONCLUSION

In light of the above law and facts, the individual defendants do not object to the Court finding this matter to be moot if the court enters judgment in the City's favor. If the court does not intend to enter judgment in the City's favor, the individual defendants respectfully request that the court deny the plaintiff's objection to their bill of costs.

                                                     **MARKS GRAY, P.A.**

Susan S. Erdelyi, Esquire
Florida Bar No.: 0648965
Marks Gray, P.A.
Post Office Box 447
Jacksonville, Florida 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
Email: sse@marksgray.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on January 24, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to John L. Key, 417 St. Johns Avenue, Palatka, Florida 32177.

MARKS GRAY, P.A.

_____
Susan S. Erdelyi, Esquire
Florida Bar No.: 0648965
Marks Gray, P.A.
Post Office Box 447
Jacksonville, Florida 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
Email: sse@marksgray.com
Attorney for Defendant

604202