UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEXANDER MILLIGAN SHARP, IV,

    Plaintiff,

vs.                                                 CASE NO. 3:06-cv-200-J-TEM

CITY OF PALATKA,

    Defendant.

_____

**O R D E R**

This matter is before the Court on Plaintiff's Objection to Defendant's Bill of Costs and Motion to Strike Costs (Doc. #142, Motion) and Defendant's response thereto (Doc. #147). Upon due consideration, the Court has determined the Motion shall be **GRANTED in part** for the following reasons.

In the Motion, Plaintiff maintains he should not be responsible for paying certain portions of Defendant's litigation costs associated with the defense of this action (Doc. #142). Plaintiff claims certain costs are not taxable under 28 U.S.C. Section 1920, Rule 54(d) of the Federal Rules of Civil Procedure, and Rule 4.18 of the Local Rules for the Middle District of Florida (Doc. #147 at 5).

Specifically, the costs Plaintiff claims are not taxable are as follows: (1) witness parking fees for Cynthia Asia, Melissa Miller, and April Thomas (Bass), for a total of $30.00; (2) witness fees for Allen Bush, Karl Flagg, Don Holmes, and April Thomas (Bass), for a total of $459.85; (3) fees for copies of documents Plaintiff claims were not necessarily obtained for use in the cause of action, for a total of $94.05; (4) trial exhibits, for a total of

$1,588.29; (5) automobile mileage and delivery expense fees that appear to be for defense counsel and/or her paralegal, for a total of $1,436.37; and (6) costs associated with a public records request, which totals $245.70 (Doc. #142 at 6-8).

Plaintiff primarily argues that the aforementioned costs are not taxable because Defendant has not sought attorney's fees under 42 U.S.C. Section 1988 and, therefore, Defendant should not be allowed to recover expanded costs under Section 1988 (Doc. #142 at 3).  The Court agrees with Plaintiff's argument to the extent that defense counsel's litigation expenses (*i.e.* automobile mileage and delivery expense fees, totaling $1,436.37) are not recoverable as costs in this instance.  The Court, however, finds the remaining costs objected to by Plaintiff, *supra*, are taxable to Plaintiff.

Pursuant to Fed. R. Civ. P. 54(d)(1), the Court should allow costs, other than attorney's fees, to the prevailing party absent a federal statute, Federal Rule of Civil Procedure, or court order providing otherwise.  A strong presumption exists in favor of awarding costs. *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).  Accordingly, pursuant to the discretionary authority found in Rule 54(d), a federal court may tax as costs those expenses enumerated in 28 U.S.C. Section 1920.  *Crawford Fitting, Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  Section 1920 defines the term "costs" as used in Rule 54(d). *Id.* at 441.  Absent explicit statutory or contractual authorization, federal courts must adhere to the limitations set forth in Section 1920. *Id.* at 445.  Rule 54(d) does not provide a separate source of power to tax as costs any expenses not enumerated in Section 1920 but, instead, generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party. *Id.* at 441-42.

In the present action, Plaintiff objects to the award of $30.00 for parking expenses of three witnesses (Doc. #142 at 6). Parking expenses for witnesses, however, are expressly allowed under 28 U.S.C. Section 1821. Section 1821 authorizes "toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and *parking fees* (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses." 28 U.S.C. § 1821(c)(3) (emphasis added). Plaintiff relies on *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) in support of his proposition (Doc. #142 at 6). The issue in *Duckworth*, however, involved costs incurred by attorneys for parking fees–not parking fees incurred by witnesses. *Id.* at 1400. Accordingly, the instant costs associated with witness parking shall be taxable to Plaintiff.

Plaintiff next objects to all witness fees for Allen Bush, Karl Flagg, Don Holmes, and April Thomas (Bass), for a total of $459.85 (Doc. #142 at 6). Plaintiff argues that Mr. Bush, Mr. Flagg, and Mr. Holmes are representatives of Defendant City of Palatka and, therefore, are parties in interest (Doc. #142 at 6). Plaintiff cites *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 610 (11th Cir. 2000) in support of this contention (Doc. #142 at 6). It has been recognized, however, that "where the suit was to collect money from the government and not the individual defendant, 'the government is an indispensable party.'" *Leber v. Canal Zone Cent. Labor Union & Metal Trades Council*, 383 F.2d 110, 116 (5th Cir. 1967), *citing Mine Safety Applicances Co. v. Forrestal*, 326 U.S. 371, 374 (1945).[1] Furthermore, "the government is the real party in interest in suits brought against officials apparently acting

---

[1] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

within the ambit of a statute or a regulation." *Leber* 383 F.2d at 116 n. 13. The court in *Moncus*, relying on *Leber*, held that the individual witnesses who were employed by the government were not party to the suit; only the government entity itself. *Moncus v. Johanns*, 2006 WL 1180950 at *2 (M.D. Ala. May 2, 2006). Moreover, the employee witnesses in *W & O, Inc.* were considered parties in interest because they were among the class action Plaintiffs in that case. 213 F.3d at 607, 610. Here, Mr. Bush was retired from city employment at the time of the trial; Mr. Holmes is an attorney in private practice who also represents the City of Palatka; and, although Mr. Flagg is the mayor of Palatka, he also has two other full-time jobs (Doc. #147 at 7).[2] The Court finds the costs for travel expenses of these witnesses are recoverable under Section 1920.

Plaintiff objects to witness fees for April Thomas (Bass) on the grounds that she was excluded as a witness from trial by the Court's Order on Plaintiff's Motion *In Limine* (Doc. #142 at 6-7). The Court, in its Order on Plaintiff's Motion *In Limine* (Doc. #112), excluded any testimony from Plaintiff's former spouses (Doc. #112 at 2). The Order also provided, however, that the Court would allow such evidence for rebuttal or impeachment purposes if it became relevant at trial (Doc. #112 at 2). Although April Thomas' (Bass) testimony was ultimately excluded by the Court during trial, costs for travel relating to her anticipated testimony are still recoverable since Defendant did not know in advance whether her testimony would become relevant.

Plaintiff also objects to fees for copies of documents Plaintiff claims were not necessarily obtained for use in the cause of action, for a total of $94.05 (Doc. #142 at 7).

---

[2] Mr. Flagg testified at trail that he is also a minister and a funeral director.

Section 1920(4) allows a court to tax "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. §1920(4). Plaintiff argues that the papers at issue were not necessarily obtained, and were pleadings generated by counsel for Defendant (Doc. #142 at 7). Defendant argues that the costs incurred were for copies of documents actually filed with the court (Doc. #147 at 8). "To establish necessity, the prevailing party need not show that the documents were introduced into evidence or submitted to the court." *Reliable Salvage & Towing, Inc. v. Gunter*, 2007 WL 4557140 (M.D. Fla. Dec. 21, 2007), *citing W & O, Inc.*, 213 F.3d at 623. Rather, the standard is "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W & O, Inc.*, 213 F.3d at 623. The Court finds Defendant could have reasonably believed the copies at issue were necessary; therefore, these costs are taxable under Section 1920.

Plaintiff's next objection concerns expenses incurred for trial exhibits, which total $1,588.29 (Doc. #142 at 7). Plaintiff argues that, under *Arcadian*, exhibits for trial are not recoverable under Section 1920. 249 F.3d at 1296. The court in *Arcadian*, however, stated that, to fall under Section 1920(4), "an item must fit within either the category 'copies of paper' or the category 'exemplification.'" *Id.* The court went on to find that "copies of paper" meant reproductions involving paper in various sizes and forms, and taxation of those costs was not error. *Id.* The *Arcadian* court ultimately held that "in this circuit [the Eleventh Circuit], physical exhibits like models and charts simply may not be taxed as costs because there is no statutory authorization." *Id.* at 1297. Here, under the plain language of Section 1920(4), the costs incurred for the paper documents at issue are taxable.

Plaintiff additionally objects to costs associated with delivery expense fees and Defendant's counsel's automobile mileage for a total of $1,436.37 (Doc. #138-3 at 5-8). Since Defendant has not sought attorney's fees under 42 U.S.C. Section 1988, the Court finds these expenses are not taxable to Plaintiff.  Section 1988 provides in pertinent part as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of the Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988.

The plain language of Section 1988 specifies that a court, in its discretion, may allow reasonable attorney's fee as part of the costs.  Section 1988 does not provide for costs in addition to those allowed under Section 1920.  Although the Eleventh Circuit has long allowed attorney expenses to be included in an award of reasonable attorney's fees in civil rights litigation, our courts have not allowed attorney expenses as part of costs permitted under Section 1920.  *See Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988); *Cappeletti Bros., Inc. v. Broward County*, 754 F.Supp 197, 198 (S.D. Fla. 1991).  Instead, it has been found that, with respect to costs, "a prevailing party in a civil rights suit is in the same position as a prevailing party in any other type of action [and the prevailing party] is entitled to costs under Fed. R. Civ. P. 54(d) but the recovery is limited to the specific costs allowed under 28 U.S.C. § 1920." *Cappeletti*, 754 F.Supp at 198.  Neither the automobile mileage nor the delivery expense fees that appear to be for defense counsel and/or her paralegal would fall under Section 1920; therefore, these expenses should not be taxable to Plaintiff.

Finally, Plaintiff objects to the costs associated with public records requests, asserting he believed those documents were supplied by him to Defendant during discovery (Doc. #142 at 8). Plaintiff, however, has not attached any documents or evidence in support of this claim. Plaintiff further asserts that the costs of the public records request fees should be excluded since Defendant moved to exclude any reference of these items at trial (Doc. #142 at 8). The Eleventh Circuit, however, has held that "use of information contained in a file is not a prerequisite to finding it was necessary to copy the file." *W & O, Inc.*, 213 F.3d at 623. Therefore, the Court finds the documents in question are taxable under Section 1920(4), as papers necessarily obtained for use in the case.

Based on the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Objection to Defendant's Bill of Costs and Motion to Strike Costs (Doc. #142) is **GRANTED to the extent that** the automobile mileage and delivery expense fees, for a total of $1,436.37, shall not be taxed as part of the costs to be paid by Plaintiff.

2. Costs in the amount of $9,221.40 are taxed as costs against Plaintiff.

3. The Clerk shall tax amended costs in the amount of $9,221.40.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of October, 2008.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge